<u>**NOT FOR PUBLICATION**</u>

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**DISTRICT OF NEW JERSEY**</u>

| | | |
|---|---|---|
| Max Antoine, et al. | : | |
| Plaintiffs, | : | Civil No.  03-3738 (DRD) |
| Police Officer Philip Rucker, et al. | : | <u>**OPINION**</u> |
| Defendants. | : | |

Appearances by:

Herbert J. Tan, Esq.
744 Broad Street
16th Floor
Newark, NJ 07102

    *Attorney for Plaintiffs Max Antoine, et al.*

Jacob A. Papay, Jr. Esq.

Deborah Beth Rosenthal, Esq.
Gebhardt & Keifer, PC
1318 Route #31
PO Box 4001
Clinton, NJ 08809-4001

    *Attorney for Defendants Police Officer Philip Rucker, et al.*

**DEBEVOISE, United States Senior District Judge**

    Plaintiffs' moves before this Court for Reconsideration and/or Clarification of the Court's July 11, 2006 order and opinion.  For the reasons cited below, Plaintiffs' motion will be denied with prejudice.

**BACKGROUND**

In an opinion and order dated July 11, 2006, the Court granted the defendants' motion for summary judgment on all claims of Marie D. Antoine, Marie E. Antoine, and Nelchael Antoine claims and all claims on behalf of Nelchael Antoine. The Court also granted the Defendants' motion for summary judgment on Max Antoine's malicious prosecution claim, his First Amendment retaliation claim, his conspiracy claims under state and federal law, and his Monell and respondeat superior claims. The Court denied the Defendants' motion for summary judgment as to Max Antoine's first claim and fifth claim of false arrest, his false imprisonment and malicious prosecution claims under federal and state law, his first and second claims of race discrimination, his excessive force claim under federal law, and his assault and battery claims under state law. Lastly, the Court granted the Defendants' motion to dismiss all of Joseph Antoine's claims, as next friend of Max Antoine.

On August 30, 2006, Plaintiffs filed a motion for reconsideration and/or clarification of the Court's July 11, 2006 order. Because Local Rule 7.1(i) establishes a ten day time limit within which motions for reconsideration must be filed following the entry of the order or judgment on the original motion by the Judge or Magistrate Judge, Plaintiffs' motion for reconsideration was dismissed as untimely filed by an order dated September 25, 2006.

Plaintiffs again file the same motion for reconsideration and/or clarification of the Court's July 11, 2006 order. Because their motion is no more timely now than it was when it was filed in August 30, 2006, the motion will be denied with prejudice.

**DISCUSSION**

Plaintiffs filed a motion for reconsideration and/or clarification of the Court's July 11, 2006 order asserting that the Court wrongly dismissed Plaintiffs' viable claims under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq., against the Irvington Police Department and the Township of Irvington. Plaintiffs' motion for reconsideration is untimely filed and will be denied under the provisions of Local Civil Rule 7.1(i).

Local Civil Rule 7.1 provides in sub-part (i), Motions for Reconsideration, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Clearly, the motion filed February 15, 2007 is well beyond the ten day limit of Rule 7.1. "A motion filed untimely may be denied for that reason alone." See *e.g.* Morris v. Siemens Components, Inc., 938 F. Supp. 277, 278 (D.N.J. 1996) (Orlofsky); Baker v. Monroe Township, 50 F.3d 1186, 1190 (3d Cir. 1995).

Even if the Court were to construe Plaintiffs' motion as a motion for reconsideration of the Court's September 27, 2006 Order, the motion is still be well beyond the strict time limitations of Local Civil Rule 7.1. The instant motion, therefore, is untimely and will be denied.

In the alternative, Plaintiffs' motion seeks relief which they characterize as "clarification." This, too, will be denied because a motion for clarification is subject to the same time restrictions as a motion for reconsideration. "A request for clarification . . . as to a decision may be considered as a request for reconsideration." See *e.g.* Associated Business Telephone Systems Corp. v. Palatine Hotel Corp., Civ. No. 97-1048 (D.N.J. slip op. filed Jan. 26, 2000) (Simandle). The motion for clarification, too, therefore, will be denied as untimely.

Even if Plaintiffs asserted a timely and viable motion for reconsideration or clarification, Local Civil Rule 7.1(i) requires that "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion." Plaintiffs have failed to file the required a brief setting forth "the matter or controlling decisions" that the Court overlooked. Plaintiffs' motion, therefore, will be denied on this basis also.

The certification of Plaintiffs' attorney that was attached to the motion for reconsideration contends that Plaintiffs have a claim under the NJLAD, which, as a matter of law, must survive the Court's partial summary judgment order. Plaintiffs' attorney's certification relies on the wording of the decision of the Appellate Division of the New Jersey Superior Court in Ptaszynski v. Uwaneme, 371 N.J. Super. 333, 348 (2004), which states that "a municipal police force . . . is a place of public accommodation for purposes of inclusion under the umbrella of the LAD."

While this is an accurate quotation, it is meaningless to the issue at hand because, in Ptaszynski, defendant Uwaneme, and her husband, Ehiri, as plaintiffs, filed a third party complaint alleging, among other things, violations of the NJLAD by Police Officer Ptaszynski and others. Such is not the case here. In fact, Plaintiffs here never raised the issue of a NJLAD claim in their original complaint or in their opposition to the Defendants' motion for summary judgment.

As noted, Rule 7.1(i) motions for reconsideration are limited to matters or controlling decisions that "the Judge . . . has overlooked." Because the issue was never presented to the Court in the first place, it was not "overlooked" for purposes of Plaintiffs' motion for reconsideration. A motion for reconsideration is not an opportunity to raise matters that could have been raise, but were

4

not raised, before the original decision was reached.  See Bowers v. NCAA, 130 F. Supp. 2d 610, 613 (D.N.J. 2001 (Orlofsky) ("[S]uch motions are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers").  "[The rule] explicitly invites counsel to draw the court's attention to [matters or] decisions which may have been overlooked by the court, not those which were overlooked by counsel." Polizzi Meats, Inc. v. Aetna Life & Casualty Co., 931 F. Supp. 328 (D.N.J. 1996) (Orlofsky).  Despite opportunities to do so, Plaintiffs failed to raise the issue of NJLAD violations prior to the issuance of the Court's opinion and order.  As a result, they have failed establish that the Court overlooked any matter or decision that might have reasonably resulted in a different decision by the Court.  See *e.g.* Scott v. IBM Corp., 2000 U.S. Dist. LEXIS 17979 (D.N.J. Nov. 29, 2000) (Simandle).  On this basis, therefore, Plaintiffs' motion will be denied.

In addition to the foregoing, Defendants argue that, even if Plaintiffs' initial complaint could be construed as asserting a claim under the NJLAD, the facts asserted by the Plaintiffs do not constitute a violation of the NJLAD.  Citing the Appellate Division's review of the trial court's decision in Patszynski, Defendants assert that the Plaintiffs have no legal basis to proceed under the NJLAD because the facts do not establish a cognizable claim.  In Patszynski, the plaintiffs claimed that the police officers used racial epithets during, and after, the arrest of the plaintiffs.  Even accepting the plaintiffs' allegations as true, the court held that the mere utterance of discriminatory or objectionable language does not establish a cognizable claim under the NJLAD.

Here, however, because the motion in the instant case is not timely filed, the Court need not reach the merits of the issue of whether the facts as asserted by Plaintiffs constitute a violation of the NJLAD.

## **CONCLUSION**

Plaintiffs' motion for reconsideration, or in the alternative for clarification, fails as untimely. However, even if Plaintiffs' motion was timely filed, it would fail because Plaintiffs did not file, in conformance with Local Civil Rule 7.1(i), the required brief in support of their motion. Beyond this, because Plaintiffs failed to raise the issue of a NJLAD claim at any time prior to the July 11, 2006 opinion and order of the court, they failed to establish that the Court overlooked any matter or decision that might have reasonably resulted in a different decision by the Court. Therefore, Plaintiffs' motion for reconsideration and/or clarification will be denied with prejudice.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: March 12, 2007