**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Joseph Antoine, as next friend of Max D. Antoine, Marie D. Antoine, individually and as natural parent and guardian of Nelchael Antoine and Marie E. Antoine, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 03-3738 (DRD) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Police Officer Phillip Rucker, Police Officer Alfredo Aleman, Police Officer Keith Stouch, John and Jane Does, Police Chief Daniel Russo, Mayor Sarah Bost, The Irvington Police Dept., and the Township of Irvington, | : | |
| | : | |
| Defendants. | : | |

Appearances by:

Herbert J. Tan, Esq.
744 Broad Street
16th Floor
Newark, NJ 07102

       Attorney for Plaintiffs.

Jacob A. Papay, Esq.
Deborah Beth Rosenthal, Esq.
Gebhardt & Kiefer, PC
1318 Route 31
PO Box 4001
Somerville, NJ 08876

       Attorneys for Defendants Police Officers Rucker, Aleman, Stouch; Police Chief Russo; Mayor Bost; the Irvington Police Dept.; and the Township of Irvington.

**DEBEVOISE, United States Senior District Judge**

This matter comes before the Court on the motion of Defendants who seek an order granting them summary judgment on the claims of the sole remaining Plaintiff, Max Antoine ("Antoine"), for false arrest, false imprisonment, excessive force, assault and battery, and negligence, which were set forth in the First, Fifth, Sixth, Seventh, and Eleventh Claims of the Complaint filed on August 7, 2003. Antoine has not opposed the motion. For the reasons set forth below, Defendants' Motion for Partial Summary Judgment will be granted.

## BACKGROUND

The procedural history and background are presented in detail in the July 12, 2006 opinion of the Court. A very brief overview, however, is helpful here to clarify the issues.

On August 7, 2003, Plaintiffs filed a twelve count Complaint against Defendants Police Officer Philip Rucker, Police Officer Alfredo Aleman, Police Office Keith Stouch (collectively referred to herein as "Police Officers"); John and Jane Does; Police Chief Daniel Russo; Mayor Sarah Bost; the Irvington Police Department; and the Township of Irvington (all of whom are collectively referred to as "Defendants"). On April 27, 2006, Defendants moved for summary judgment on all charges, but the July 12, 2006 order of the Court granted Defendants' motion in part only. All the claims of Plaintiffs Joseph Antoine, acting as next friend of Max Antoine; Nelchael Antoine; Marie E. Antoine; and Marie D. Antoine were dismissed. Although Max Antoine was permitted to proceed as plaintiff in his own right, the order dismissed the portions of his Complaint setting forth his First Amendment claims; his conspiracy claims in the Second and Ninth Claims; his malicious prosecution claims in the First Claim; and his state law claim for intentional and negligent infliction of emotional distress in the Eighth Claim. Additionally, all

claims against Defendants Township of Irvington, Mayor Sarah Bost, the Irvington Police Department and the Police Chief Daniel Russo, as set forth in the Third and Fourth Claims, were dismissed.

The Court, however, refused to dismiss Antoine's "(1) false arrest and false imprisonment claims under federal and state law, (2) § 1981 & § 1983 Equal Protection claims, (3) federal excessive force claims, (4) assault and battery claim under state law, and (5) state law negligence claim, finding that there were issues of material fact which precluded summary judgment in favor of the Police Officers.  See Antoine v. Rucker, 2006 WL 1966649 at *16 (D.N.J. July 12, 2006). The Police Officers now move for summary judgment on Antoine's federal and state claims of false arrest and imprisonment, his federal excessive force claims, his state law claims of assault and battery, and his state law claims of negligence.  The Police Officers assert that they are entitled to dismissal because Antoine's on-the-record admissions and his plea of guilty to resisting arrest and to assault in the fourth degree on Police Officer Rucker bar him from pursuing these claims.

Defendants note that Antoine's § 1981 and § 1983 equal protection claims contained in the First and Second Claims of the Complaint, are not included in the instant motion, and they remain outstanding.

**DISCUSSION**

At issue is whether Antoine's on-the-record admissions and his plea of guilty to resisting arrest and to assault in the fourth degree on Police Officer Rucker preclude his claims of false arrest, false imprisonment, excessive force, assault and battery and negligence against Police Officers Rucker, Aleman, and Stouch.  We find that they do.

3

**The Summary Judgment Standard**

Summary judgment will be granted if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) imposes a burden on the moving party simply to point out to the district court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met this burden, the burden then shifts to the non-moving party. The non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, the non-moving party may not simply replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Rather, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247. In determining whether there exists a material issue of disputed fact, however, the facts, and the inferences to be drawn from the facts, are to be viewed in the light most favorable to the non-moving party. Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir.1986).

**Antoine's Claims of False Arrest and False Imprisonment**

The Police Officers assert that Antoine, as part of his application for the pre-trial

4

intervention program, admitted that he resisted the attempts of police officers to effectuate his arrest and that he pleaded guilty to, and was convicted of, resisting arrest.  The Police Officers also assert that Antoine admitted that he assaulted Police Officer Rucker and pleaded guilty to, and was convicted of, a charge of assault in the fourth degree.  Citing the holdings of the United States Supreme Court in Heck v. Humphrey, and this Court in Garrison v. Porch, they argue that Antoine's admissions, guilty plea, and conviction must serve as a bar to his constitutional claims because a finding in favor of the constitutional claims would "necessarily imply the invalidity" of his conviction.  See Heck v. Humphrey 512 U.S. 477 (1994); Garrison v. Porch, 2007 WL 776799 (D.N.J. Mar. 9, 2007).

The Court finds persuasive the thoughtful and well-reasoned opinion in Garrison because of its factual similarities to the case at hand.  In Garrison, following a scuffle with police officer Porch, Garrison was charged with, inter alia, aggravated assault on a police officer, resisting arrest, and disorderly persons conduct.  Garrison filed a complaint against Porch for excessive use of force, intentional and negligent infliction of emotional distress, negligence, assault and battery, and conspiracy.  Although Garrison was indicted by the grand jury on charges of aggravated assault and resisting arrest, he later pleaded guilty to an amended charge of simple assault and resisting arrest in violation of New Jersey criminal statutes.  Porch moved for summary judgment on Garrison's claims against him, arguing that they were barred by his guilty plea under the Supreme Court's holding in Heck that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

5

or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 487-8, n. 6.

The Garrison Court found that, because Garrison's guilty plea and conviction had not been overturned or invalidated, his § 1983 claims for false arrest/unreasonable seizure were barred.  Garrison, 2007 WL 776799 at *4.

The same holds true here.  Antoine knowingly and voluntarily admitted in court that he knew he was under arrest, but he did not cooperate with the police and, instead, resisted arrest. He pleaded guilty to resisting arrest and fourth degree assault on Rucker and was convicted. There is no evidence that his admissions, guilty plea or conviction have been invalidated in any way.  Thus, his state and federal claims of false arrest and false imprisonment are barred and those claims are dismissed.

**Antoine's Claims of Excessive Force**

Similarly barred are Antoine's excessive force claims.  In Garrison, the Court found that Garrison's guilty plea on the charge of simple assault barred his excessive force claims against the police officers, because his guilty plea was an admission of "attempt[ing] to cause or purposely, knowingly or recklessly caus[ing] bodily injury," the required elements of the charge. The Court held that "[i]t would be incongruous to hold that Garrison 'attempted to cause or purposely, knowingly or recklessly caused bodily injury to' [the police officer], while at the same

6

time [the police officer's] use of force in effecting Garrison's arrest was excessive." Id. at *5. Further, according to the Court, the fact that Garrison did not assert the defense of self-defense and pleaded guilty to the charge of simple assault, validates that "the force applied to him [by the police officer] was not excessive and unnecessary." Id. at 5.

Here, similarly, under N.J.S.A. 2C:12-1b(5)(a), Antoine pleaded guilty to, and was convicted of, fourth degree assault against a police officer, Rucker. He has not established that his guilty plea and conviction have already been invalidated in any way. Thus, the complaint against Rucker must be dismissed because, applying the rationale in Heck and Garrison, any judgment in his favor on his claim of excessive force would necessarily imply the invalidity of his conviction.

Although Antoine's guilty plea concerned only Police Officer Rucker, we are persuaded that the same bar applies to Antoine's claims against Police Officer Aleman and Police Officer Stouch as well. As such, they are entitled to summary judgment as a matter of law.

Plaintiffs' August 7, 2003 Complaint does not differentiate between the actions of the Police Officers. Where Police Officer Rucker is named, Police Officer Aleman and Police Officer Stouch are also named without distinguishing between them. However, only Police Officer Rucker filed complaints against Antoine. Those complaints were for (1) creating a hazardous and physically dangerous condition, (2) purposely preventing or attempting to prevent, through physical interference, a public servant from lawfully performing an official function, (3) committing aggravated assault by attempting to cause injury to Police Officer Rucker, (4) purposely preventing a law enforcement officer from effecting a lawful arrest by using such means as to create a substantial risk of causing physical injury to Police Officer Rucker, and (5)

7

purposely and knowingly attempting to disarm Police Officer Rucker.

The Grand Jury, on July 17, 1997, indicted Antoine on 13 separate counts, including that Antoine "knowingly did give or caused to be given false information to law enforcement officer . . . with a purpose to falsely implicate Keith Stouch and/or Phillip Rucker and/or Alfredo Aleman in the commission of an offense" and that Antoine knowingly made "a false statement under oath . . . that members of the Irvington Police Department physically assaulted him and the assault consisted of striking him with their night sticks and/or kicking him and/or punching him and/or hitting his head into a wall and/or into a storm window."

Antoine's December 9, 1999 plea allocution, like his Complaint, does not differentiate between the Police Officers.  In the transcript of the proceedings, Antoine stated that he knew that he was under arrest "by members of the Irvington Police Department," but he "resist[ed] them" and "did not cooperate with them" . . . in order to "keep them from arresting [him.]" Antoine has not come forward with facts or other evidence to refute those asserted by the Police Officers.  In fact, Antoine has not filed opposition to the instant motion.   Therefore, although Antoine's guilty plea concerns only Police Officer Rucker, the terms of the plea logically extend to Police Officers Aleman and Stouch.  Accordingly, the Court finds that, under the circumstances presented, no rational trier of fact could find in Antoine's favor and, thus, dismisses his excessive force claim not only against Police Officer Rucker, but also against Police Officers Aleman and Stouch.

**Antoine's Claims of Assault and Battery**

The Seventh Claim of Antoine's Complaint asserts that the actions of Police Officers Rucker, Aleman, and Stouch constitute assault and battery.  Antoine's claims fail for the same

8

reasons that his claim of excessive force fails.

In response to Police Officer Rucker's Complaint for assault, Antoine pleaded guilty to simple assault, which is construed as an admission that he attempted to cause, or purposely, knowingly, or recklessly caused bodily injury to Police Officer Rucker.  In order to succeed on his assault and battery claim, however, Antoine must demonstrate that the Police Officers attempted to cause, or purposely, knowingly, or recklessly caused him bodily injury.

The Court agrees with Garrison and the assertion of the Police Officers that it would be incongruous for the Court to hold, on one hand, that Antoine attempted to cause or purposely, knowingly, or recklessly caused bodily injury to Officer Rucker, and, on the other hand, holding that Antoine was assaulted and battered by the Police Officers while effecting his arrest.

Following the Court's rationale in Garrison, in order to hold that Officer Rucker committed assault and battery on Antoine, the Court would have to find that Antoine acted in self-defense.  Like Garrison, Antoine did not offer the defense of self-defense.  However, even if he did assert self-defense, such a finding could not be made because, under Heck, it would necessarily invalidate Antoine's assault conviction.  See Garrison, 2007 WL 776799 at *5.  The Court, therefore, dismisses Antoine's assault and battery claims against Police Officer Rucker.

Antoine's claims of assault and battery against Police Officer Aleman and Police Officer Stouch, as with the his claims for excessive force, also fail because Antoine does not differentiate between Rucker, Aleman and Stouch in his Complaint or in his allocution to his guilty plea. Further, the Grand Jury indicted him on giving false information in order to implicate the Police Officers and making a false statement that the Police Officers assaulted him, and Antoine has not refuted the Police Officers' assertion that Aleman and Stouch were responding to "Antoine's

assault on Rucker."   Neither has he filed opposition to their motion for summary judgment on this point.  Accordingly, the Court finds that, under the circumstances presented, no rational trier of fact could find in Antoine's favor and, thus, dismisses his assault and battery claims against the Police Officers.

**Antoine's Claims of Negligence**

Antoine's guilty plea to resisting arrest and assaulting Police Officer Rucker also bars him from prevailing on his negligence claims and, thus, the Court dismisses them.

Under the New Jersey Tort Claims Act, N.J.S.A. 59:5-2, a public employee is not liable for, *inter alia*,

> b. any injury caused by:
> (1) an escaping or escaped prisoner;
> (2) an escaping or escaped person; or
> **(3) a person resisting arrest;** or
> (4) a prisoner to any other prisoner.
> c. any injury resulting from or caused by a law enforcement officer's pursuit of a person.

(emphasis provided).

N.J.S.A. 59:5-2b "immunizes both the employee and the entity 'for *all* acts of negligence' relating to injuries caused."  Blunt v. Klapproth, 309 N.J. Super. 493, 510 (N.J. Super.A.D. 1998) (citing Tice v. Cramer, 133 N.J. 347 (1993) (holding that N.J.S.A. 59:5-2b confers absolute immunity, except where the police officer engages in willful misconduct).  "The policy consideration behind this immunity is the encouragement of diligent and aggressive law enforcement, undiminished by the detriment of tort liability."  Id. at 365.

Although "willful misconduct" is not defined in the New Jersey Torts Claim Act, the New Jersey Supreme Court, in Fielder v. Stonack, 141 N.J. 101 (1995), noted that "[p]rior

decisions have suggested that willful misconduct is the equivalent of reckless disregard for safety, and is more than an absence of good faith." Id. at 124 (citing McLaughlin v. Rova Farms, Inc., 56 N.J. 288, 305 (1970) (holding that in order to recover for injuries allegedly produced by willful misconduct, it must appear that the defendant knew that injury would likely, or probably, result from his conduct, but, with reckless indifference to the consequences, the defendant consciously and intentionally commits some wrongful act, or omits to discharge some duty, which produces the injurious result).

Antoine has presented no evidence that the Police Officers acted with reckless disregard for his safety, particularly in light of his guilty plea.   His negligence claims against the Police Officers are, therefore, dismissed.

## CONCLUSION

Based on the foregoing, the Police Officers' motion, to the extent that it seeks summary judgment as to Antoine's federal claims for false arrest, false imprisonment, and excessive force and as to Antoine's state law claims for false arrest, false imprisonment, assault and battery, and negligence, will be granted.  An appropriate order follows.


/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: May 14, 2007

11

12