<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY</u>

| | | |
|---|---|---|
| Max Antoine, et al. | : | |
| | : | |
| Plaintiffs, | : | Civil No. 03-3738 (DRD) |
| | : | |
| Police Officer Philip Rucker, et al. | : | <u>OPINION</u> |
| | : | |
| Defendants. | : | |

Appearances by:

Herbert J. Tan, Esq.
744 Broad Street
16th Floor
Newark, NJ 07102

    *Attorney for Plaintiffs Max Antoine, et al.*

Jacob A. Papay, Jr. Esq.
Deborah Beth Rosenthal, Esq.
Gebhardt & Keifer, PC
1318 Route #31
PO Box 4001
Clinton, NJ 08809-4001

    *Attorney for Defendants Police Officer Philip Rucker, et al.*

**DEBEVOISE, United States Senior District Judge**

    On March 12, 2007, the Court granted Defendants' motion for partial summary judgment, dismissing the claims of the sole remaining Plaintiff, Max Antoine ("Antoine"), for false arrest, false imprisonment, excessive force, assault and battery, and negligence, which were set forth in

the First, Fifth, Sixth, Seventh, and Eleventh Claims of the Complaint filed on August 7, 2003. Although, at the time, Antoine did not oppose Defendants' motion, Antoine's counsel now asks the Court to reconsider its order, asserting in his certification that "[a]t no point prior to [May 15, 2007] did [his] office receive, either via electronic notification or via regular mail, any notice regarding the aforementioned motion. Therefore, [he] was not able to file any form of opposition to the motion."

For the reasons set forth below, Antoine's motion for reconsideration will be denied.

## DISCUSSION

Local Civil Rule 7.1(i), concerning motions for reconsideration, states, in part, that "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion." Here, the requirements of the local rule have not been satisfied. Counsel has failed to file the mandatory brief setting forth the issues he believes the Court has overlooked.

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The rule requires that the motion and the required brief address factual or legal issues "which counsel believes the Court has overlooked." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (Rosen). The word "overlooked" is the operative term in the rule. As interpreted by case law, it refers only to facts and legal arguments properly presented to the court at the time the matter was initially decided. "[The rule] explicitly invites counsel to draw the court's attention to decisions which may have been overlooked by the court, not those which were

overlooked by counsel." Polizzi Meats, Inc. v. Aetna Life & Casualty Co., 931 F. Supp. 328, 339 (D.N.J. 1996) (Orlofsky).

Counsel has not filed the required brief to identify any factual or legal issue that the Court overlooked. Instead, Antoine's counsel asks the Court to reconsider its opinion because, due to an interruption in counsel's e-mail service, counsel was unaware that Defendants filed the motion for partial summary judgment and that the Clerk's Office sent a notice of the motion hearing date. Both of these were electronically delivered, pursuant to Local Civil Rule 5.2, to counsel's listed e-mail addresses. This e-mail notification constitutes appropriate and adequate service on Antoine's counsel. See Chelsea Check Cashing v. Toub, 2006 U.S. Dist. LEXIS 13999 (D.N.J. March 15, 2006) (Rodriguez) (finding a motion was unopposed where notice of the motion was sent to counsel by email and counsel filed no response).

Counsel's certification, which states that "during the entire month of April 2007, [his] facilities at 744 Broad Street, 16th Floor, Newarrk, [sic] were in the process of installing a new telephone/communication system throughout the entire floor and could have been the cause of the failed receipt" is unpersuasive. It is counsel's responsibility to monitor the activity occurring in his actions before the court, particularly where, as here, counsel is aware of changes in his e-mail system that may interfere with the prompt delivery of such notices because the consequences of the failure to check and to act appropriately on e-mailed notices can be dire. See Lewis v. Blaine, 2005 U.S. Dist. LEXIS 35409 (D.N.J. Dec. 21, 2005) (Simandle) (denying the reopening of the time for appeal of the denial of a petition for habeas corpus of a death row prisoner because the time to appeal began to run when local counsel was sent an e-mail notice of the denial).

Even if the Court excused the counsel's failure to monitor the electronic docketing system entries of his case, he has failed to submit a brief in support of the motion for reconsideration as required by Rule 7.1(i).

## CONCLUSION

For the reasons stated, Antoine's motion for reconsideration will be denied with prejudice. An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: June 14, 2007