<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOSEPH ANTOINE, as next friend of MAX D. ANTOINE, et al., | | |
| Plaintiffs, | | Civ. No.  03-3738 (DRD) |
| v. | | **O P I N I O N** |
| Police Officer PHILLIP RUCKER, Police, Officer ALFREDO ALEMAN, Police Officer KEITH STOUCH, et al., | | |
| Defendants. | | |

*Appearances by:*

ELDRIDGE HAWKINS, Esq.
55 Washington Street, suite 309
East Orange, NJ 07017

    *Attorney for Plaintiff*

GEBHARDT & KIEFER, PC
Jacob A. Papay, Esq.
Deborah Beth Rosenthal, Esq.
1318 Route 31
PO Box 4001
Somerville, NJ  08876

    *Attorneys for Defendants*

**<u>DEBEVOISE, Senior District Judge</u>**

The only remaining plaintiff in this action, Max D. Antoine ("Antoine"), alleges that he suffered discriminatory abuse in violation of his constitutional and statutory rights at the hands of the only remaining defendants, Irvington Police Officer Phillip Rucker ("Rucker"), Irvington Police Officer Alfredo Aleman ("Aleman"), and Irvington Police Officer Keith Stouch ("Stouch").  The alleged abuse occurred in the early hours of June 3, 1996, when Officers Rucker, Aleman, and Stouch responded to a noise complaint at 208 Nesbit Terrace in Irvington, New Jersey.

Now before the Court is Defendants' third motion for summary judgment, pursuant to Federal Rule of Procedure 56(c), and Plaintiff's cross motion, pursuant to Federal Rule of Civil Procedure 60(b), for reinstatement of his previously dismissed claims.  Defendants' previous two motions for summary judgment reduced both the number of claims and the number of parties. First, in Antoine v. Rucker, 2006 U.S. Dist. LEXIS 46824 (D.N.J. Jul. 11, 2006) (hereinafter "Antoine I"), this Court granted summary judgment to Defendants on all claims by Plaintiffs Nelchael Antoine, Marie D. Antoine, and Marie E. Antoine.  The Court also dismissed all claims by Joseph Antoine, but allowed Max D. Antoine to continue in his stead, leaving Max D. Antoine as the only remaining plaintiff in this case.  The Court granted summary judgment to Defendants on Antoine's claims of malicious prosecution, First Amendment retaliation, conspiracy under state and federal law, and respondeat superior liability.  As a result, no claims against Defendants Irvington Chief of Police Daniel Russo, Irvington Mayor Sarah Bost, the Irvington Police Department, or the Township of Irvington have survived, and the only remaining defendants in the case are Officers Rucker, Aleman, and Stouch.

Then, in Antoine v. Rucker, 2007 U.S. Dist. LEXIS 35323 (May 14, 2007) (hereinafter

"Antoine II"), this Court granted summary judgment to Defendant Officers on all but two of

Antoine's remaining claims.  The accompanying order thereby dismissed Antoine's claims of

false arrest and false imprisonment under state and federal law, excessive force under federal

law, assault and battery under state law, and negligence under state law.  Thus, the two surviving

causes of action, both brought under 42 U.S.C. § 1983, against Officers Rucker, Aleman, and

Stouch, are for violations of Antoine's Fourteenth Amendment right to Equal Protection and for

selective enforcement in violation of Antoine's statutory rights under 42 U.S.C. § 1981, which

are the subject of Defendants' present motion for summary judgment.

Relying in part on Antoine's admission that he resisted arrest and in part on this Court's

decision in Antoine II, Officers Rucker, Aleman, and Stouch now move for summary judgment

on Antoine remaining causes of action brought under § 1983.  In response to the Officers' motion

for summary judgment, Antoine moved to have his previously dismissed claims reinstated on the

grounds that the Court's decision in Antoine II, which dismissed his false arrest, false

imprisonment, excessive force, assault and battery, and negligence claims, was based on the

erroneous conclusion that he had been convicted of fourth degree assault and fourth degree

resisting arrest.  Because Antoine cannot establish a violation of either his constitutional or

statutory rights and no error was committed by the Court in Antoine II, the motion for summary

judgment will be granted and the motion for reinstatement of previously dismissed claims will be

denied.

## I.  BACKGROUND

Since the procedural history and factual background are presented in detail in Antoine I,

only a brief synopsis is necessary here to provide context for the Court's discussion.

In the early hours of June 3, 1996, Officers Rucker, Aleman, and Stouch responded to a noise complaint emanating from 208 Nesbit Terrace in Irvington, New Jersey.  Arriving on the scene, the Officers discovered that the source of the noise was a party hosted by Marie E. Antoine.  Although the Officers' request that the music be turned off was complied with, Officers Rucker, Aleman, and Stouch nevertheless entered Marie E. Antoine's apartment.  Antoine I, 2006 U.S. Dist. LEXIS, at *6.

Antoine, who was a guest at the party, protested the Officers' entry and advised Marie E. to write down the names and badge numbers of the Officers in order to file a complaint.  Upon hearing this comment, Officer Rucker allegedly "lunged toward Antoine," grabbing his throat and slamming his head against a wall.  Antoine I, U.S. Dist. LEXIS, at *7.  Officers Aleman and Stouch came to Officer Rucker's assistance, allegedly "beating Antoine about the head and body with their batons," which brought Antoine to the floor.  Id.  While he was being dragged out of the hallway and handcuffed, Officer Rucker allegedly was heard saying: "I'll teach you American law."  Id.

According to the Officers' accounts, when they began to disperse the crowd from the party, Antoine approached Officer Rucker.  Antoine I, U.S. Dist. LEXIS, at *11.  Officer Rucker made a defensive gesture as Antoine grabbed for his service weapon.  While Antoine and Officer Rucker were struggling over the gun, Officers Aleman and Stouch advised Antoine that he was under arrest.  The four men were pushed out into the hallway as Antoine flailed and lashed out at the Officers in his attempt to avoid being handcuffed.  Id.  Officer Rucker then sprayed Antoine with mace in an attempt to subdue him, but Antoine continued to struggle with the Officers as he was led to a patrol car.  Id.

4

In response to Antoine's allegations of police brutality, the Essex's County Prosecutor's Office conducted an investigation.  Antoine I, U.S. Dist. LEXIS, at *12.  The investigation was eventually submitted to the Essex County Grand Jury, which, following a full hearing with testimony from the parties and from witnesses, the Grand Jury indicted Antoine on, among other things, second degree disarming a law enforcement officer; fourth degree aggravated assault; and fourth degree resisting arrest.  Id.  As the result of a plea bargain, Antoine was permitted to enroll in New Jersey's Pretrial Intervention Program on the condition that he admit to resisting arrest at the plea hearing, which he did on December 9, 1999.  Id. at *13.

## II.  DISCUSSION

**A. Standard of Review under Federal Rule of Civil Procedure 56(c)**

Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."  Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law."  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

On a summary judgment motion, the moving party has the burden of showing that no genuine issue of material fact exists.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case.  Id. at 325.  If the moving party can make such a showing, then the burden shifts to the

non-moving party to present evidence that a genuine fact issue exists and a trial is necessary. Id.

at 324. In meeting its burden, the non-moving party must offer specific facts that establish a

genuine issue of material fact, not just simply create "some metaphysical doubt as to the material

facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In deciding whether an issue of material fact exists, the Court must consider all facts and

their reasonable inferences in the light most favorable to the non-moving party. See

Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The Court's function,

however, is not to weigh the evidence and determine the truth of the matter, but rather to

determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. If there are no

issues that require a trial, then judgment as a matter of law is appropriate.

**B. Section 1983 Causes of Action**

Section 1983 provides a federal cause of action to any person who is deprived of "any

rights, privileges, or immunities secured by the Constitution and laws" by another person who is

acting under the color of state law. 42 U.S.C. § 1983. Therefore, in order to prove his § 1983

claims against Officers Rucker, Aleman, and Stouch, Antoine must show that they were acting

under color of state law and that while acting under color of state law, they deprived him of a

right secured by the Constitution or federal law. See Gomez v. Toledo, 446 U.S. 635, 640

(1980); Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). For a § 1983 claim

to survive a motion for summary judgment, there must be a genuine issue of fact as to whether

the defendant was acting under color of state law or whether the defendant deprived the plaintiff

of a federal right. Groman, 47 F.3d at 633.

There is no question that, as employees of the Irvington Police Department, Officers

Rucker, Aleman, and Stouch were acting under color of state law.  See Lugar v. Edmondson Oil

Co., 457 U.S. 922, 935 n.18 (1982) ("[S]tate employment is generally sufficient to render the

defendant a state actor.").  The Officers allege, however, that given the Court's dismissal of

Antoine's claims of false arrest, false imprisonment, use of excessive force, and assault and

battery, there is no basis for him to assert that his Constitutional or statutory rights have been

violated, and therefore his remaining two claims should be dismissed.

*(1) Section 1981 Selective Enforcement Claim*

To establish a violation of the statutory rights granted by 42 U.S.C. § 1981, Antoine must

demonstrate that the Officers' actions were motivated by purposeful racial discrimination.

Antoine I, 2006 U.S. Dist. LEXIS 46824, at *25.  Specifically, Antoine must show: "(1) that he

belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant;

and (3) discrimination concerning one or more of the activities enumerated in § 1981."  Pryor v.

NCAA, 288 F.3d 548, 569 (3d Cir. 2002).

There is no question as to the first element because Antoine is Haitian or of Haitian

descent.  However, the only evidence of intent to discriminate is the statement by Officer Rucker,

where he allegedly said to Antoine: "I'll teach you American law."  While this statement could

be used as some evidence of Officer Rucker's intent to discriminate, standing alone, it is not

enough to establish a violation of Antoine's statutory rights.  The Court's previous dismissal of

Antoine's claims of excessive force, false arrest, and assault and battery show that he was not

treated differently from any other arrestee.  The lack of evidence that Antoine received less than

the full benefit of the laws requires a finding of summary judgment in favor of Officers Rucker,

Aleman, and Stouch.  Because Antoine has not set forth facts sufficient to establish the second or

third elements, he cannot show that his statutory rights under § 1981 have been violated.

*(2) Fourteenth Amendment Equal Protection Claim*

Similarly, to establish a violation of the Equal Protection rights guaranteed by the

Fourteenth Amendment, Antoine must show that: "(1) the defendant treated him differently from

others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational

basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir.

2006). But given the Court's previous dismissal of Antoine's claims of excessive force, false

arrest, false imprisonment, and assault and battery, there is no way for Antoine to set forth facts

sufficient to show that he was intentionally treated differently than any other arrestee would have

been treated in a similar situation. Therefore, Antoine cannot show that his Fourteenth

Amendment rights have been violated and summary judgment in favor of Officers Rucker,

Aleman, and Stouch will be granted.

## C.  Reinstatement of Plaintiff's Dismissed Claims

Rule 60(b) of the Federal Rules of Civil Procedure permits a relief "from a final

judgment, order, or proceeding." Fed R. Civ. P. 60(b). Since the Court has dismissed all of

Antoine's claims, his case is ripe for appeal, and therefore sufficiently "final" for the purposes of

moving for relief under Rule 60(b). See 12 Moore's Federal Practice § 60.23. The two reasons

cited here for relief under Rule 60(b) are "mistake, inadvertence, surprise, or excusable neglect"

and "fraud . . . , misrepresentation, or other misconduct of an adverse party." Fed R. Civ. P.

60(b). Such a motion must be "made within a reasonable time," but "not than one year after the

judgment." Id.

The "party moving under Rule 60(b) for relief from a judgment or order must clearly

establish the grounds therefor to the satisfaction of the district court." Talley v. City of Atlantic City, 2007 U.S. Dist. LEXIS 49486, at *8 (D.N.J. Jul. 10, 2007).  In this case, Antoine has argued that he never pleaded guilty, nor was he ever convicted of any crime and that all of the charges against him were either dropped or expunged.  Antoine maintains that the allocution transcript and mug shots were fabricated by Defendants.  Finally, Antoine asserts that it was the ineffective assistance of his former counsel that prevented these arguments from being raised in opposition to Defendants' April 2007 motion for summary judgment.

Aside from these mostly inaccurate assertions, Antoine has offered no reasons why his dismissed claims should be reinstated.  Indeed, a review of Antoine's Plea Transcript (Papay Apr. 12, 2007 Cert. Ex. C) shows that Antoine admitted to resisting arrest in order to gain entry into New Jersey's Pretrial Intervention ("PTI") program[1] instead of going to trial on a nine count indictment.   During his allocution, Antoine indicated that on the evening of June 2, 1996, "it [became] apparent . . . that [he was] under arrest by officers of the Irvington Police Department," (Ex. C at 5:23-6:2), and stated that he took actions to keep the police from arresting him, (Ex. C at 8:20-22).  At the conclusion of the hearing, count one of the indictment was amended to fourth degree assault on a police officer.  (Ex. C at 11:18-12:1.)  Antoine was informed that if he successfully completed the PTI program, the charges in the indictment would be dismissed.  (Ex. C at 12:10-12.)  It was also made clear on three instances that Antoine's "statement on the record . . . will be usable by any party in any subsequent action."  (Ex. C at 4:1-2, 13:9-11, 15:5-16.)

On the basis of Antoine's representations, the Court assumes that Antoine's supervisory

---

[1] See N.J. Stat. Ann. §§ 2C:43-12–2C:43-22 (describing New Jersey's supervisory treatment and pretrial intervention program).

treatment was successfully completed and that the accusations against him were dismissed in accordance with New Jersey's statutes.  See N.J. Stat. Ann. § 2C:43-13(d) ("Upon completion of supervisory treatment, and with the consent of the prosecutor, the complaint, indictment or accusation against the participant may be dismissed with prejudice.").  However, successful completion of a PTI program does not equate with a finding of not guilty.  Lindes v. Sutter, 621 F. Supp. 1197, 1201 (D.N.J. 1985).

The Plea Transcript clearly shows Antoine's admissions of guilt.  The Court reviewed and relied on these admissions in reaching its decision in Antoine II.  No error was committed in the dismissal of Antoine's claims of false arrest, false imprisonment, excessive force, assault and battery, and negligence.  Thus, Antoine has failed to demonstrate any mistake or inadvertence that would entitle him to relief under Rule 60(b).

Similarly, Antoine has failed to demonstrate the existence of any fraud or misrepresentation.  The Plea Transcript was an exhibit to an attorney's certification, which asserts that the exhibit is a true and accurate copy.  In addition, the transcript contains the certification of the court reporter that the transcript is a true and accurate account of the proceeding.  Thus, there is no reason for the Court to doubt the accuracy of the Plea Transcript. The Court notes the discrepancies between the two photographs of Antoine, but these discrepancies alone are not enough to reinstate Antoine's dismissed claims.  Therefore, Antoine's motion for relief pursuant to Rule 60(b) will be denied.

### III.  CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment will be granted.  Antoine's two remaining claims—a § 1983 claim for violation of his statutory rights

under 42 U.S.C. § 1981 and a § 1983 claim for violation of his Fourteenth Amendment Equal

Protection rights—will be dismissed.  Plaintiff's cross motion, pursuant to Rule 60(b), for

reinstatement of his claims dismissed by this Court in <u>Antoine II</u>, will be denied.  The Court will

enter an order implementing this opinion.


                                              /s/ Dickinson R. Debevoise
                                              DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:  April 1, 2008