<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ANTOINE, as next friend of MAX D. ANTOINE, et al., | |
| Plaintiffs, | Civ. No. 03-3738 (DRD) |
| v. | **O P I N I O N** |
| Police Officer PHILLIP RUCKER, Police Officer ALFREDO ALEMAN, Police Officer KEITH STOUCH, et al., | |
| Defendants. | |

ELDRIDGE HAWKINS, Esq.
55 Washington Street, suite 309
East Orange, NJ 07017

   *Attorney for Plaintiff*

GEBHARDT & KIEFER, PC
Jacob A. Papay, Esq.
Deborah Beth Rosenthal, Esq.
1318 Route 31
PO Box 4001
Somerville, NJ 08876

   *Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

Plaintiff, Max D. Antoine ("Antoine"), seeks relief, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, from the Court's April 1, 2008 Order and Opinion, which granted Defendants', Irvington Police Officer Phillip Rucker ("Rucker"), Irvington Police Officer Alfredo Aleman ("Aleman"), and Irvington Police Officer Keith Stouch ("Stouch"), third motion for summary judgment and denied Antoine's prior motion for relief from a judgment or order.[1] Because Antoine has provided no grounds for relief from the April 1, 2008 Order and Opinion, his motion will be denied.

## I. BACKGROUND

Since the procedural history and factual background are presented in detail in Antoine v. Rucker, 2006 U.S. Dist. LEXIS 46824 (D.N.J. Jul. 11, 2006) (hereinafter "Antoine I"), only a brief synopsis is necessary here to provide context for the Court's discussion.

Antoine alleged in his complaint that he suffered discriminatory abuse in violation of his constitutional and statutory rights at the hands of the Defendants. The alleged abuse occurred in the early hours of June 3, 1996, when Officers Rucker, Aleman, and Stouch responded to a noise complaint at 208 Nesbit Terrace in Irvington, New Jersey.

Defendants' first two motions for summary judgment reduced both the number of claims and the number of parties. In Antoine I, this Court granted summary judgment to Defendants on all claims by Plaintiffs Nelchael Antoine, Marie D. Antoine, and Marie E. Antoine. The Court also dismissed all claims by Joseph Antoine, but allowed Max D. Antoine to continue in his stead, leaving Max D. Antoine as the only remaining plaintiff in this case. The Court granted

---

[1] This Court has jurisdiction to consider this motion because no appeal from the April 1, 2008 Order and Opinion has been filed to divest this Court of its jurisdiction.

summary judgment to Defendants on Antoine's claims of malicious prosecution, First Amendment retaliation, conspiracy under state and federal law, and respondeat superior liability. As a result, no claims against Defendants Irvington Chief of Police Daniel Russo, Irvington Mayor Sarah Bost, the Irvington Police Department, or the Township of Irvington have survived, and the only remaining defendants in the case are Officers Rucker, Aleman, and Stouch.

Then, in <u>Antoine v. Rucker</u>, 2007 U.S. Dist. LEXIS 35323 (D.N.J. May 14, 2007) (hereinafter "<u>Antoine II</u>"), this Court granted summary judgment to Defendant Officers on all but two of Antoine's remaining claims. The accompanying order thereby dismissed Antoine's claims of false arrest and false imprisonment under state and federal law, excessive force under federal law, assault and battery under state law, and negligence under state law. Thus, the two surviving causes of action, both brought under 42 U.S.C. § 1983, against Officers Rucker, Aleman, and Stouch, were for violations of Antoine's Fourteenth Amendment right to Equal Protection and for selective enforcement in violation of Antoine's statutory rights under 42 U.S.C. § 1981, which were the subject of Defendants' third motion for summary judgment.

Finally, in <u>Antoine v. Rucker</u>, 2008 U.S. Dist. LEXIS 26570 (D.N.J. Apr. 1, 2008) (hereinafter "<u>Antoine III</u>"), Defendants filed their third motion for summary judgment which sought dismissal of Antoine's remaining causes of action brought under § 1983. Plaintiff cross moved, under Federal Rule of Civil Procedure 60(b) for reinstatement of his previously dismissed claims on the grounds that the Court's decision in <u>Antoine II</u> was based on the erroneous conclusion that he had been convicted of fourth degree assault and fourth degree resisting arrest. Because Antoine could not establish a violation of either his constitutional or statutory rights and no error was committed by the Court in <u>Antoine II</u>, the motion for summary

judgment was granted and the motion for reinstatement of previously dismissed claims was denied.

## II.  DISCUSSION

Antoine now moves pursuant to Federal Rule of Civil Procedure Rule 60(b), for relief from final judgment of the April 1, 2008 Order and Opinion, which dismissed the action in its entirety.

**A.  Standard of Review under Federal Rule of Civil Procedure 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure permits relief "from a final judgment, order, or proceeding." Fed R. Civ. P. 60(b).  A party may be relieved from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Since the Court has dismissed all of Antoine's claims, his case is ripe for appeal, and therefore sufficiently "final" for the purposes of moving for relief under Rule 60(b). See 12 Moore's Federal Practice § 60.23.  Such a motion must be "made within a reasonable time" and if the motion is based on reasons (1), (2), or (3), then "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).  The "party moving under Rule 60(b) for relief from a judgment or order must clearly establish the grounds therefor to the satisfaction of the

4

district court." Talley v. City of Atlantic City, 2007 U.S. Dist. LEXIS 49486, at *8 (D.N.J. Jul. 10, 2007). Relief from a judgment under Rule 60 should be granted "only in exceptional circumstances." Boughner v. Secretary of Health, Education & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).

**B. No Grounds for Relief from Final Judgment**

In this case, Antoine has argued that he never pled guilty, nor was he ever convicted of any crime and that all of the charges against him were either dropped or expunged. Antoine maintains that the allocution transcript and mug shots were fabricated by Defendants. Finally, Antoine asserts that it was the ineffective assistance of his former counsel that prevented these arguments from being raised in opposition to Defendants' April 2007 motion for summary judgment and believes that this entitles him to relief under Rule 60(b). Antoine was unable to establish similar allegations during his summary judgment proceedings. However, even if the Court assumes these statements to be true, Antoine has not met his high burden of establishing extraordinary circumstances which would entitle him to relief under Rule 60(b). As such, his motion for reconsideration pursuant to Rule 60(b) will be denied.

**1. Mistake, Inadvertence, Surprise, or Excusable Neglect**

Antoine suggests that he is entitled to relief under Rule 60(b)(1) due to ineffective assistance of counsel. Rule 60(b)(1) allows a district court to relieve a party from a final judgment on the basis of demonstrated "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Generally, a party is not liable for the consequences of events or situations that are beyond his control. Ellingsworth v. Chrysler, 665 F.2d 180 (7th Cir. 1981) (holding that defendant was "excused" under Rule 60(b)(1) for failure to appear at trial when the

5

court created confusion regarding the trial date). Deliberate and willful conduct is never cause to set aside a judgment. J.D. Pharm. v. Save-on Drugs, 893 F.2d 1201 (11th Cir. 1990) (refusing to grant relief from summary judgment that resulted from defendant's refusal to answer requests for admissions because refusal was a deliberate decision to delay litigation); see also, Andrulonis v. United States, 26 F.3d 1224 (2d Cir. 1994) (refusing to set aside judgment after deliberate settlement). Similarly, legal error on part of the trial court is not grounds for relief from final judgment. Smith v. Evans, 853 F.2d 155 (3d Cir. 1988) (refusing to grant relief from judgment when motion alleged no more than legal error and reiterates the complaint).

A party is not entitled to relief from judgment under Rule 60(b)(1) even if that party was harmed by the actions of his attorney which were out of his control. Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396-397 (1993). In Pioneer, a bankruptcy petitioner was held accountable for the negligence of his attorney under Bankruptcy Rule 9006(b)(1).[2] Id. The Supreme Court held that a party cannot avoid the consequences of the actions of his or her freely chosen agent. Id. at 397. Therefore, in order to be entitled to relief under Rule 60(b)(1), the conduct of the party and his counsel must be excusable. Id.

While Antoine does suggest that his attorney was negligent in not raising fabrication of evidence as a defense in his opposition to the summary judgment motion, Pioneer makes clear that a party is responsible for the inexcusable neglect of his attorney. 507 U.S. at 397. Antoine has not established grounds for why he or his attorney should be excused from the consequences of their actions. Rather, he reiterates the allegations made in his complaint. In Smith, the Court

---

[2] In so ruling, the Court acknowledged that the term "excusable neglect" should be construed similarly in Rule 60(b)(1). Pioneer, 507 U.S. at 393.

of Appeals held that a Rule 60(b) motion is not a substitute for an appeal and that legal error, without more, does not justify grating relief from a judgment. 853 F.2d at 158. Therefore, Antoine has not met his burden under Rule 60(b)(1).

### 2. Newly Discovered Evidence

Antoine asks this Court to reconsider evidence already included as part of the summary judgment motion. Rule 60(b)(2) allows a court to grant relief from judgment if new evidence is discovered that could not have been discovered earlier through reasonable diligence in time to file a Rule 59(b) motion. The evidence must have been discovered after trial, must be material to the issues involved, and must be "of such a nature that it would probably change the outcome" of the case. Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1982). In Stridiron, a wife was entitled to the vacation of her divorce decree and was granted a new trial when she presented a marriage certificate as newly discovered evidence that her husband was previously married and therefore, that their marriage should be annulled. Id. at 207.

Unlike the wife in Stridiron, Antoine has not established that any new evidence has been discovered since the April 1, 2008, Order and Opinion. As such, he has not met his burden under Rule 60(b)(2).

### 3. Fraud, Misrepresentation or Misconduct by an Opposing Party

Antoine insists that he was falsely arrested and that his allocution transcripts and mug shots were fabricated by the Defendants, entitling him to relief under Rule 60(b)(3). Rule 60(b)(3) provides relief from a final judgment where there has been "fraud . . . misrepresentation, or other misconduct of an adverse party." In order to prevail under Rule 60(b)(3), the moving party must "establish that the adverse party engaged in fraud or other misconduct, and that this

conduct prevented the moving party from fully and fairly presenting his case." Stridiron, 698 F.2d 204 at 207. Again, in Stridiron, by presenting the marriage certificate to the court, the wife was able to prove that her husband had made several misrepresentations during discovery when he answered depositions and interrogatories as if he had never been married before. Id. at 207-208. Thus, she established grounds for relief from the divorce decree under Rule 60(b)(3) as well as Rule 60(b)(2). Id.

This does not mean that a plaintiff who fails to convince the jury in the first trial is entitled to a new trial under Rule 60(b)(3) on the basis of the frauds set out in the complaint. 13-60 Moore's Federal Practice § 60.43(1)(e). The fraud addressed in Rule 60(b)(3) involves unfair litigation tactics, occurring after the litigation has commenced and before judgment, that are aimed at subverting the litigation process itself. Id.

Antoine argues that his allocution transcript in which he pleads guilty, as well as his mug shots, were fabricated by the defendants. However, these claims of fraud cannot be addressed in a Rule 60(b)(3) motion. Unlike the wife in Stridiron, who presented evidence that her husband lied during the discovery process, Antoine has not established that any misconduct occurred during the discovery period that would have changed the outcome of his summary judgment motion. See Stridiron, 698 F.2d at 207-208. Rather, Antoine relies on the fraud allegedly committed prior to his filing suit. Even assuming the transcript and mug shots were fabricated by the Defendants, Antoine could have appealed the April 1, 2008 Order and Opinion on those grounds. However, it is improper to reargue the allegations of fraud set out in the complaint in a Rule 60(b)(3) motion. 13-60 Moore's Federal Practice § 60.43(1)(e). As such, Antoine fails to established grounds for relief under Rule 60(b)(3).

### 4. Judgment is Void

Antoine suggests that this Court erred in its determination of the April 1, 2008 Order and Opinion and is therefore entitled to relief under Rule 60(b)(4). A judgment is void, and therefore subject to relief under Rule 60(b)(4), if the court that rendered it lacked jurisdiction over the subject matter or the parties or it entered "a decree which is not within the powers granted to it by the law." Marshall v. Board of Education, 575 F.2d 417, 422 (3d Cir. 1978) (quoting United States v. Walker, 109 U.S. 258, 265-67 (1883)). In Marshall, the Third Circuit upheld a judgment requiring compliance with the Fair Labor Standards Act as valid even though the Supreme Court, in a later, unrelated case, determined that compliance with the Act was unnecessary. Id. at 422-23. Therefore, a judgment is not void because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional. Id. at 422. An erroneous judgment is subject only to direct attack while a void judgment "is one which, from its inception, was a complete nullity and without legal effect." Marshall, 575 F.2d at 422 (quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649-50 (1 st Cir. 1972)).

Unlike the defendants in Marshall, who objected to subject matter jurisdiction after the Supreme Court overruled a similar, but unrelated case, Antoine asserts only that the Court erred in dismissing his complaint. See Marshall, 575 F.2d at 422. Jurisdiction over the summary judgment proceeding was proper since the Court was deciding claims brought under 42 U.S.C. § 1981. Further, Antoine has not objected to the jurisdiction of the parties. As such this judgment is not subject to collateral attack under Rule 60(b)(4) and can only be reviewed for error on direct appeal.

### 5. Satisfied, Released or Discharge; Based on an Earlier Judgement that has Been

**Reversed or Vacated; Applying it Prospectively is no Longer Equitable**

Antoine also suggests that the Court erred in its determination of Antoine I and Antoine II, which led to dismissal of his entire case. As such, Anroine contends that he is entitled to relief under Rule 60(b)(5). Rule 60(b)(5) authorizes relief from a judgment if that "judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. Rule 60(b)(5). The first clause of Rule 60(b)(5) entitles a party to relief from final judgment if their judgment has been satisfied. Suterland v. Philadelphia, 575 F.2d 1089, 90 (3d Cir. 1978).

The second clause allows relief from a decision if the earlier decision upon which it was based is reversed or vacated. In order to be "based on a prior judgment" within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision or a successful defense. Lubben, 453 F.2d at 650. In Michigan Sur. Co. v. Service Machinery Corp., 277 F.2d 531, 532 (5th Cir. 1960), a surety of bonds in a state court proceeding was sued for breach of condition of the bond in federal court. The surety was then granted relief from the federal court judgment under Rule 60(b)(5) after the state court decision, for which the bonds were obtained, was reversed. Id. at 533. The court noted that if there has been no previous state proceeding, there would have been no federal cause of action for breach of the condition of the bond. Id. However, a reversal of a prior judgment which provided only precedential value, is insufficient grounds for relief under Rule 60(b)(5). Lubben, 453 F.2d at 650.

Finally, relief may be granted by a court when "it is no longer equitable that the judgment shall have any prospective application." Rule 60(b)(5). Hence, the judgment must be prospective in order for relief to be granted. In Gibbs v. Maxwell House, 738 F.2d 1153, 55

10

(11th Cir. 1984), the court explained that the judgment of a dismissal is final and permanent and thus not prospective within the meaning of Rule 60(b)(5).  Although the plaintiff in Gibbs remained bound by the decision, "it is not a 'prospective effect' any more than if [the] plaintiff were continuing to feel the effects of a money judgment against him."  Id. at 1156.

Antoine has no basis for relief under Rule 60(b)(5).  First, Antoine III has not been satisfied, released, or discharged.  Secondly, while Antoine III was "based on" the Court's prior decisions in Antoine I and Antoine II, those decisions have not been reversed or vacated.  Therefore, the second clause of Rule 60(b)(5) does not provide Antoine grounds for relief from Antoine III.  Finally, just as dismissal of a case did not have prospective effect in Gibbs, the grant of summary judgment is not prospective within the meaning of Rule 60(b)(5).  See Gibbs, 738 F.2d at 1155.

### 6. Any Other Reason that Justifies Relief

Finally, Antoine argues that he is entitled to relief under Rule 60(b)(6), the catch-all subsection of Rule 60.  Under subsection (b)(6), a court has the power to vacate or stay its previous orders for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) allows the court to remedy unforeseen injustices not addressed by the other subsections of Rule 60.  Relief of this type is granted sparingly since vacating and granting relief from final judgments impairs the judicial system's compelling need for finality in litigation.  Rastelli Brothers, Inc. v. Netherlands Insurance Company, 68 F. Supp. 2d 451, 453 (D.N.J. Nov. 3, 1999).  As such, Rule 60(b)(6) should only be invoked in the most "extraordinary circumstances, where, without such relief, an extreme and unexpected hardship would occur."  Rastelli, 68 F. Supp. 2d at 453, (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3rd Cir. 1993)).  The

11

extraordinary circumstances that would warrant such relief were discussed in <u>Klapprott v. United States</u>, 335 U.S. 601 (1949).  In <u>Klapprott</u>, the Supreme Court granted relief from default judgment under Rule 60(b)(6) when a

> citizen was stripped of his citizenship by his Government, without evidence, a hearing, or the benefit of counsel, at a time when his Government was then holding the citizen in jail with no reasonable opportunity for him effectively to defend his right to citizenship.

<u>Id.</u> at 615.

Unlike the petitioner in <u>Klapprott</u>, Antoine was not in jail and unable to respond to a complaint at the time of his suit.  See <u>Klapprott</u>, 335 U.S. at 615.  Rather, he brought this lawsuit against several Irvington Police officers, is represented by counsel and defended his case against summary judgment.  Although he lost on summary judgment, Antoine was not stripped of his citizenship as the petitioner in <u>Klapprott</u> was and Antoine has not presented evidence displaying why his circumstances are any more extraordinary than anyone else's whose case is dismissed on summary judgment.  <u>Id.</u>   Since relief under this subsection of Rule 60 is granted sparingly and only in the most extraordinary circumstances, Antoine's motion will be denied.  <u>Rastelli</u>, 68 F. Supp. 2d at 453.

### III.  CONCLUSION

For the reasons set forth above, Antoine's motion for relief of final judgment will be denied.  The Court will enter an order implementing this opinion.


/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 15, 2008